UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGIA M. BROWN,

                    Plaintiff,          Civil Action No. 16-10618
                                          Honorable David M. Lawson
v.                                     Magistrate Judge David R. Grand

UNITED HEALTH GROUP –
OPTUM DIVISON,

                    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE [16, 18]

On February 19, 2016, Plaintiff Georgia M. Brown filed a complaint against Defendant United Health Group – OPTUM Division, alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964. (Doc. #1). On February 24, 2016, this case was referred to the undersigned for all pretrial purposes. (Doc. #6).

**A.**    **Report**

On March 16, 2016, Defendant filed an answer to Plaintiff's complaint, denying that it unlawfully discriminated against her. (Doc. #11). On May 3, 2016, Plaintiff filed a response to Defendant's answer in support of her allegations. (Doc. #15).

On May 16, 2016, Plaintiff filed a Motion for Summary Judgment (Doc. #16), which she amended on May 19, 2016. (Doc. #18). Defendant filed its response in opposition to this motion on June 6, 2016. (Doc. #19). In its response, Defendant argues that Plaintiff's request for summary judgment is premature because the parties have not conducted discovery. (*Id.* at 9-10). On July 1, 2016, Plaintiff filed her reply, arguing that since her complaint was filed in this Court in February 2016, the parties have had ample time for discovery. (Doc. #22).

Fed. R. Civ. P. 26(d) provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." As of the date of this Report and Recommendation, the parties have not participated in a Rule 26(f) conference to arrange for discovery and to develop a proposed discovery plan. In fact, it was only earlier today that the Court issued a Scheduling Order in this case. (Doc. #27). The parties therefore have not had the opportunity to conduct discovery. Moreover, the Court has reviewed the substance of Plaintiff's motions as well as Defendant's response, and it agrees with Defendant that the information and assertions on which Plaintiff is basing her motion are matters that Defendant has a right to fully investigate before being required to substantively respond to Plaintiff's motion. Accordingly, a grant of summary judgment in Plaintiff's favor is not appropriate at this time.

**B.    Recommendation**

For the reasons stated above, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment (**Docs. #16, 18**) be **DENIED WITHOUT PREJUDICE**.


Dated: July 15, 2016                                  s/David R. Grand
Ann Arbor, Michigan                              DAVID R. GRAND
                                                              United States Magistrate Judge

### <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991);

*Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to

E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A

party may respond to another party's objections within 14 days after being served with a copy.

*See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and

should address specifically, and in the same order raised, each issue presented in the objections.


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record
and any unrepresented parties via the Court's ECF System to their respective email or First Class
U.S. mail addresses disclosed on the Notice of Electronic Filing on July 15, 2016.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
